**21SL-CC00593**

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

**IN THE CIRCUIT COURT**
**OF ST. LOUIS COUNTY, MISSOURI**

MAHASIN AHMAD, individually and on
behalf of all others similarly situated,

Plaintiff,

vs.

PANERA BREAD COMPANY,

**SERVE AT:**

3630 South Geyer Road, Suite 100
St. Louis, Missouri 63127

Defendant.

**Case No.**
Division No.

**JURY TRIAL DEMANDED**

## CLASS ACTION PETITION

COMES NOW, MAHASIN AHMAD, individually and on behalf of herself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff and through Plaintiff's attorneys as follows:

### NATURE OF ACTION

1.      Expressly disclaiming damages under Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, *et seq*., this is a proposed class action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant Panera Bread Company, ("Defendant" or "Panera"), arising from its deceptive and untruthful promises to provide a flat delivery charge (normally, $4) on food deliveries ordered through its App and website.

2.      Since the beginning of the COVID-19 pandemic, Panera has moved aggressively into the food delivery business, exploiting an opportunity presented by Americans' reduced willingness to leave their homes.  To appeal to consumers in a crowded food delivery marketplace, Panera has prominently marketed flat, low-cost delivery in its mobile application and on its website.

3.      These representations, however, are false.  Panera actually imposes additional, hidden delivery charges on its customers.

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

4.      Specifically, Panera secretly marks up food prices for delivery orders only by 5%-7%.  In other words, the identical sandwich costs approximately $1 more when ordered for delivery than when ordered via the same mobile app for pickup, or when ordered in-store.

5.      This hidden delivery upcharge makes Panera's flat, low-cost delivery promises patently false.  The true delivery costs are obscured, as described above, and far exceed the prominent flat, low-cost promises.

6.      By falsely marketing flat, low-cost delivery, Panera deceives consumers into making website or mobile app food purchases they otherwise would not make.

7.      Panera misrepresents the nature of the delivery charges assessed on the Panera mobile application and the website, by issuing in-app and online marketing materials that fail to correct reasonable understandings of the flat, low-cost delivery promises, and that misrepresent the actual costs of the delivery service.

8.       Specifically, Panera omits and conceals material facts about the Panera delivery service, never once informing consumers in any disclosure, at any time, that use of the delivery service causes an increase in food prices.

9.      Hundreds of thousands of Panera customers like Plaintiff have been assessed hidden delivery charges they did not bargain for.

10.     Consumers like Plaintiff reasonably understand the flat, low-cost delivery representations mean the total additional cost they will pay as a result of having their food delivered, as opposed to ordering online and picking up food in person, or ordering through the app and picking up food in person.

11.     By unfairly obscuring its true delivery costs, Panera deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true delivery charges. For example, Panera competitors Del Taco and El Pollo Loco both offer delivery services through their app and website.  But unlike Panera, Del Taco and El Pollo Loco fairly and prominently represent their true delivery charges.

12.     Expressly disclaiming damages under Consumers Legal Remedies Act (CLRA),

California Civil Code § 1750, *et seq*., Plaintiff seeks damages and, among other remedies, injunctive relief that fairly allows consumers to decide whether they will pay Panera's delivery mark-ups.

## PARTIES

13.    Plaintiff MAHASIN AHMAD is a citizen of the State of California, residing in Rancho Cucamonga, California.

14.    Defendant, PANERA BREAD COMPANY, is engaged in the business of providing food and delivery services to consumers, including Plaintiff and members of the putative class.  Defendant Panera Bread Company, organized under the laws of Delaware with a principal place of business in the State of Missouri, resides in the county of St. Louis, Missouri.

## JURISDICTION AND VENUE

15.    This Court has personal jurisdiction over Defendant because Defendant conducts business and maintains its headquarters and numerous restaurants throughout the state of Missouri.

16.    Venue is proper in this Court pursuant to Mo. Rev. Stat. 407.100(7) because Defendant resides in the County of St. Louis, Missouri and/or Defendant's principal place of business is in the County of St. Louis, Missouri.  Venue is also proper pursuant to California Civil Code Section § 1780(d) because St. Louis County, Missouri is the county in which the Defendant (a) resides; (b) has its principal place of business; and (c) is doing business.  Plaintiff has filed concurrently with Plaintiff's Petition Plaintiff's declaration of venue required by California Civil Code Section 1780(d), which is attached hereto as **Exhibit A**.

## COMMON FACTUAL ALLEGATIONS

**A.    Food Delivery Services Increase in Popularity, and then Explode in Popularity During the Pandemic**

17.    The online and mobile app food delivery industry predominately influences the country's most financially vulnerable populations. A nationwide research study conducted by Zion & Zion reveals that the largest user markets for web-based and mobile app delivery food services

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

are the young and the poor[1]. During a 90-day timeframe, 63% of consumers between the ages of 18 and 29 used a multi-restaurant delivery website or app service, followed by 51% of consumers between the ages of 30 to 44[2]. The study also demonstrated that the "less income a consumer earns, the more likely the consumer is to take advantage of restaurant delivery services," as those earning less than $10,000 per year ordered online delivery the most (51.6%)[3].

18.    Put plainly, the allure for online and mobile app food delivery services has historically been based upon pure convenience. A 2019 Gallup study of third-party delivery services companies like GrubHub, DoorDash, and Uber Eats reported 72% of customers order online food delivery because they don't want to leave their house; 50% so that they can continue with their ongoing activities; and 41% to avoid bad weather[4].

19.    The arrival of the unprecedented COVID-19 pandemic escalated the value of online and mobile app food delivery services from one of pure convenience to that of a comforting necessity for many consumers who are sick, in a high-risk population group for COVID-19, or simply do not feel safe to leave their homes and venture out into the public to purchase food during quarantine.

20.    In the wake of the food delivery surge, Consumer Reports highlighted the need for fee transparency for consumers who use these apps and services[5]. A research team investigated food delivery companies and the report measured their compliance with new rules regarding fees enacted in seven US cities aimed at protecting consumers and businesses during the pandemic. It found that these companies continued to not comply with the new ordinances and continued to "employ design practices that obfuscate fees." They concluded that "[c]onsumers deserve to have informed choices to understand what they are being charged for *and* how their dollars spent

---

[1]    *See* Aric Zion and Thomas Hollman, Zion & Zion Research Study, *Usage and Demographics of Food Delivery Apps*.
[2]    *Id.*
[3]    *Id.*
[4]    *See* Sean Kashanchi, Gallup, *Third-Party Delivery Will Grow; Is Your Restaurant Ready?,* May 6, 2019.
[5]    Consumer Reports, *Collecting Receipts: Food Delivery Apps & Fee Transparency,* September 29, 2020.

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

impacts the restaurants they support and patronize in their communities."

**B.    Panera's App and Website Fails to Bind Users to Any Terms of Service**

21.    When a consumer downloads the Panera app, or uses the Panera website, he or she can choose to place an order without creating an account.

22.    If one chooses to create an account, one enters in a name and contact information.

23.    While the account creation screen contains a small hyperlink to view Panera's Terms of Service, users are not required affirmatively consent to such terms, such as by clicking a check box.

**C.    Panera Prominently Promises Flat Fee Delivery on its App and Website**

24.    Beginning in early 2020, Panera began prominently featuring flat, low-cost delivery promises on its mobile application and on its website.

25.    Such representations often are made on the home screen of the app or website.

26.    These flat, low-cost representations are then reiterated on the penultimate screen shown to consumers before finalizing a food purchase.

27.    Specifically, for supposed $4 flat fee delivery orders, that penultimate screen states:

Subtotal: [representing the cost of the food selected]

Delivery Fee:  [normally, $4]

Taxes:  [representing sales taxes]

TOTAL:  [adding up the above]

28.    In the end, there was no way for Plaintiff or other users of the Panera mobile application or website to avoid seeing Panera's promises of flat, low-cost delivery.

**D.    Panera Omits and Conceals Material Facts About the Costs of the Panera Delivery Service**

29.    But those disclosures were false and misleading.

30.    First, Panera furtively marked up the cost of food reflected in the "Subtotal"—adding 5-10% to the cost of food ordered for delivery.  Panera did not and does not make similar mark-ups for identical food items ordered via the same app or website, where such items are

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

ordered for pickup instead of delivery, or for food items ordered in-store.

31.     Panera omitted this material fact from its app and website disclosures, never informing users of this secret markup.

32.     This secret markup—which Panera only applied to delivery orders—is a hidden delivery fee.  This alone renders false Panera's promise of flat, low-cost delivery, which is made repeatedly in the app and the website, and then in the "Delivery Fee" line-item on the order screen.

33.     In short, the "delivery fee" is not actually "$4."  The actual "delivery fee"—the extra charge for having food delivered as opposed to picking it up—is the listed "Delivery Fee" *plus* the hidden food markup applied exclusively to delivery orders.

34.     Panera therefore does not inform consumers the true costs of its delivery service and it misrepresents its delivery charges as "$4" when in fact those costs are actually much higher.

**E.     Other Restaurant Industry Actors and Panera Competitors Disclose Delivery Fees Fairly and Expressly**

35.     By unfairly obscuring its true delivery costs, Panera deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true delivery charges. For example, Panera competitors Del Taco and El Pollo Loco both offer delivery services through their app and website.  But unlike Panera, Del Taco and El Pollo Loco fairly and prominently represent their true delivery charges.

36.     For example, Del Taco does not mark-up food charges for delivery orders through its app, nor does it add an additional "service charge" to delivery orders.  Instead, for delivery orders its ordering screen presents the following:

Subtotal:

Tax:

Delivery Charge:

Tip:

37.     All line-item amounts are **<u>identical</u>** for delivery and pick-up orders, except for the plainly and fairly disclosed delivery charge—allowing consumers to understand the true cost of

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

the delivery service.

38.     Similarly, Panera competitor El Pollo Loco does not mark-up food charges for delivery orders through its app, nor does it add an additional "service charge" to delivery orders. Instead, for delivery orders its ordering screen presents the following:

Subtotal:

Delivery Charge:

Tax:

39.     All line-item amounts are **__identical__** for delivery and pick-up orders, except for the plainly and fairly disclosed delivery charge—allowing consumers to understand the true cost of the delivery service.

### *Defendant's Practice Is Unethical and Violated Established Ethical Standards*

40.     Defendant's practices, as alleged herein, violated generally accepted ethical principles of business conduct.

41.     The basis for the allegation that it was unethical to engage in the above practices comes, in part, from established ethical principles recognized by the American Marketing Association.

### AMA Statement of Ethics

42.     The American Marketing Association ("AMA") "commits itself to promoting the highest standard of professional ethical norms and values. . . ."[6] As such, it has published its "Statement of Ethics." *Id.* AMA states that "marketers are expected to embrace the highest professional ethical norms and the ethical values implied by our responsibility toward multiple stakeholders (e.g., customers . . .)." *Id.* Thus, the Statement of Ethics contains "Ethical Norms," which "are established standards of conduct that are expected and maintained by society and/or professional organizations." *Id.*

43.     The AMA's Ethical Norms state that marketers must "consciously avoid []

---

[6] **Exhibit B**, American Marketing Association Code of Conduct / AMA Statement of Ethics.

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

harmful actions and omissions," "striv[e] for good faith and fair dealing," "avoid [] deception in . . . pricing, communication, and delivery of distribution," and affirm "core values" of honesty, . . . fairness [and] transparency." *Id.*

44.    By failing to disclose to consumers that the cost of delivery is more than $4 and/or by failing to disclose that Panera marks up its food prices based on if a food item is ordered in person or for pick up verses via their delivery service, and/or by misrepresenting the true cost to have Panera food delivered, Defendant violated these Ethical Norms because, among other reasons, it did not strive (nor achieve) good faith and fair dealing and did not affirm the core values of honesty, fairness and transparency.

45.    The AMA has also published "Ethical Values," which "represent the collective conception of what communities find desirable, important and morally proper." *Id.* These Ethical Values include honesty and "[h]onoring our explicit and implicit commitments and promises."

46.    By charging consumers more than the $4 advertised price to have Panera food delivered, Defendant violated the aforementioned Ethical Values, because, among other reasons, it did not honor its explicit and implicit commitments and promises.

**F.    Plaintiff's Experience**

47.    Plaintiff used the Panera app to make a purchase of food on October 28, 2020, in the total amount of $46.33.

48.    When using the app, and prior to placing her order, the Panera app stated that the Delivery Fee was $4.

49.    However, the cost of the food ordered by Plaintiff bore a hidden delivery fee markup, in the form of food prices inflated by 5%-7%.

50.    Upon information and belief, had Plaintiff ordered the same food and picked it up, there should have been a difference in price of $4. Instead, Plaintiff paid more than $4 to have the same Panera food delivered to her.

51.    Upon information and belief, this hidden markup is assessed only on delivery orders like the one made by Plaintiff and would not have been assessed to Plaintiff had she picked up her

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

order in person from the Panera location.

52.     Plaintiff would not have made the purchase if she had known the Panera delivery fee was not actually $4.

53.     If she had known the true delivery fee, she would have chosen another method for receiving food from Panera or ordered food from another provider.

## CLASS ALLEGATIONS

54.     Plaintiff brings this action on behalf of herself and a Class of similarly situated persons defined as follows:

> All consumers in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food delivery through the Panera mobile app or website, and were assessed higher delivery charges than represented.

55.     Excluded from the Class are Defendant, any entities in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families, and the presiding judge(s) in this case, and their staff.

56.     Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with Plaintiff's motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

57.     **Numerosity**:  At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that the Class members are well into the hundreds, and thus are so numerous that joinder of all members is impractical.  The number and identities of Class members is administratively feasible and can be determined through appropriate discovery in the possession of the Defendant.

58.     **Commonality and Predominance**:  There are questions of law or fact common to the Class, such that there is a well-defined community of interest among the members of the classes. These questions predominate over questions that may affect only individual members of

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

the classes because Panera has acted on grounds generally applicable to the classes. Such common legal or factual questions include, but are not limited to, the following:

a.    Whether during the class period, Defendant unfairly, unethically, unlawfully, and/or deceptively represented a flat fee delivery charge on food deliveries ordered through the Panera website and mobile application;

b.    Whether Defendant's alleged misconduct misled, had the tendency to mislead consumers;

c.    Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

d.    Whether Defendant's alleged conduct constitutes violations of the laws asserted;

e.    Whether Defendant's omissions and/or misrepresentations were material;

f.    Whether Plaintiff and members of the Class were harmed by Defendant's omissions and/or misrepresentations;

g.    Though expressly disclaiming damages under Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, *et seq*., whether Plaintiff and the Class are entitled to actual, compensatory, and/or nominal damages, and the proper measure thereof;

h.    Whether an injunction is necessary to prevent Defendant from continuing to deceptively represent flat fee, low-cost delivery on food deliveries ordered through the Panera website and mobile app.

59.    **Typicality**:  Like Plaintiff, many other consumers ordered food for delivery from Panera's website or mobile app, believing delivery to be flat, low-cost based on Defendant's representations. Plaintiff's claims are typical of the claims of the Class because Plaintiff and each Class member was injured by Defendant's false representations about the true nature of the delivery fee. Plaintiff and the Class have suffered the same or similar injury as a result of Defendant's false, deceptive and misleading representations. Plaintiff's claims and the claims of members of the Class emanate from the same legal theory, Plaintiff's claims are typical of the claims of the Class, and, therefore, class treatment is appropriate.

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

60.    **Adequacy of Representation**:  Plaintiff is more than an adequate representative of the Class in that Plaintiff placed a Panera order for delivery and has suffered damages as a result of Panera's unfair, unethical, unlawful, fraudulent, and/or deceptive conduct. In addition:

a) Plaintiff is committed to the vigorous prosecution of this action on behalf of herself and all others similarly situated and has retained competent counsel experienced in the prosecution of consumer class actions;

b) Plaintiff will fairly and adequately represent the interests of the Class and does not have any interests adverse to those of the Class.

c) Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

d) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

61.    It is impracticable to bring members' of the Classes individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

62.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole. Plaintiff remains interested in ordering food for delivery through Panera's website and mobile app; there is no way for them to know when or if Defendant will cease deceptively misrepresenting the cost of delivery.

63.    Specifically, Defendant should be ordered to cease from representing their delivery service as flat, low-cost and to disclose the true nature of their mark-ups.

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

64.     Defendant's ongoing and systematic practices make declaratory relief with respect to the Class appropriate.

65.     A class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive, and equitable relief at issue for each individual Class member.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### Violation of California's Unfair Competition Law ("UCL")

### Cal. Bus. & Prof. Code § 17200, *et seq.*

66.     Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

67.     California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice."

68.     Panera's deceptive conduct related to material omissions and/or material misrepresentations that it provides a flat fee, low cost delivery charge on food deliveries ordered through its website and mobile app violates each of the statute's "unfair," "unlawful," and "fraudulent" prongs.

69.     The UCL imposes strict liability. Plaintiff need not prove that Panera intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

70.     A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

71.     Defendant's practices as described herein are (a) immoral, unethical, oppressive,

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

and/or unscrupulous and violate established public policy as recognized by, *inter alia*, the American Marketing Association; and (b) cause injury to consumers which outweigh any purported benefits or utility.

72.    A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

73.    Defendant's practices, as described herein, constitute "fraudulent" business practices in violation of the UCL because, among other things, they are likely to deceive reasonable consumers, who expect that cost to have Panera food delivered is fully disclosed and reflected in the represented delivery fee.  On the media on which Defendant communicated to consumer as they were ordering food for delivery, Defendant concealed the material fact that the cost to have Panera food delivered exceeds the $4 represented and that it maintained a different, less expensive food price list for food ordered for in person dining or for in person pick up.

74.    A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

75.    Among other statutes, laws, and/or regulations, Defendant's acts and practices violate the following statutes, laws, and/or regulations:

(a)  Violating Cal. Civ. Code § 1750, *et seq*.;

(b)  Engaging in conduct in which the gravity of harm to Plaintiff and the Class outweighs the utility of the Defendant's conduct; and/or

(c)  Engaging in acts and/or practices and/or omissions that are immoral, unethical, oppressive, and/or unscrupulous and causes injury to consumers which outweigh its benefits.

76.    Panera committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.,* by affirmatively and knowingly misrepresenting on its website and mobile app that it provides flat fee, low cost delivery charge for food orders, when, in reality, it hides delivery charges through hidden food markup applied exclusively to delivery orders.

77.     Defendant's acts and practices offend an established public policy of fee transparency in the marketplace, and constitute immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

78.     The harm to Plaintiff and the Class outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

79.     Defendant's conduct also constitutes an "unlawful" act under the UCL because, as detailed in Plaintiff's Second Claim for Relief below, it also constitutes a violation of sections 1770(a)(5), (a)(9), (a)(14), (a)(16), and/or (a)(19) of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq., infra,* in that Panera deceptively represents that it provides a flat fee, low cost delivery charge for food orders made on its website or mobile app; in reality, however, this marketing message is false because Panera's use of the delivery service causes an increase in food prices.

80.     Panera's business practices have misled Plaintiff and the proposed Class and will continue to mislead them in the future.

81.     Plaintiff relied on Defendant's misrepresentations about the falsely advertised cost of delivery in choosing to utilize the Panera food delivery service in ordering food from Defendant's website or mobile app.

82.     By falsely marketing flat, low-cost delivery, Panera deceived Plaintiff and Class members into making online / mobile app food purchases they otherwise would not make.

83.     Had Plaintiff known the truth of the delivery service fee, *i.e.,* that Panera's hidden food markups were in all reality "delivery fees," she would have chosen another method for receiving food from Panera or ordered food from another provider.

84.     As a direct and proximate result of Panera's unfair, fraudulent, and/or unlawful practices, Plaintiff and Class members suffered and will continue to suffer actual damages. Defendant's fraudulent conduct is ongoing and present a continuing threat to Class members that they will be deceived into ordering food for delivery under the false belief that delivery is $4.

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

85.    As a result of its unfair, fraudulent, and unlawful conduct, Panera has been unjustly enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff and Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

**SECOND CLAIM FOR RELIEF**

**Violation of California's Consumer Legal Remedies Act ("CLRA")**

**Cal. Civ. Code § 1750, *et seq.***

86.    Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

87.    This cause of action is brought pursuant to the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, *et seq*.

88.    Plaintiff has filed concurrently with Plaintiff's Petition Plaintiff's declaration of venue required by Civil Code Section 1780(d), which is attached hereto as **Exhibit A**.

89.    Plaintiff and each member of the proposed Class are "consumers" as defined by California Civil Code § 1761(d).

90.    Defendant's sale of food products to consumers for delivery ordered through its website and mobile app were "transactions" within the meaning of California Civil Code § 1761(e).

91.    Defendant's mobile app and/or online delivery service utilized by Plaintiff and the Class is a "service" within the meaning of California Civil Code § 1761(b).

92.    The food products purchased by Plaintiff and the Class are "goods" within the meaning of California Civil Code § 1761(a).

93.    Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Panera food orders for delivery:

a.    "Representing that goods or services have . . . characteristics . . . that they do not have" (a)(5);

b.    "Advertising goods or services with intent not to sell them as advertised" (a)(9);

15

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

and/or

     c.     "Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve" (a)(14);

     d.     "Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not" (a)(16);

     e.     Inserting an unconscionable provision in the contract (a)(19); and/or

     f.     For other such violations of the CLRA that discovery will uncover.

     94.     Specifically, Panera violates each of these provisions by advertising to customers that use of its delivery service is a flat fee, but this is false because Defendant imposes hidden delivery charges to consumers through secretly marking up food items applied exclusively for delivery orders.

     95.     Furthermore, Defendant's practices violate (a)(19) as well because they are unconscionable in that they violate established ethical standards.

     96.     At no time does Panera disclose the true nature of its delivery fee to consumers; instead, it repeatedly conceals and misrepresents this material information at several steps of the transaction process.

     97.     Under the CLRA, a plaintiff may without prior notification file a complaint alleging violations of the CLRA that seeks injunctive relief only. Then, if the Defendant does not remedy the CLRA violations within 30 days of notification, Plaintiff may amend Plaintiff's CLRA causes of action without leave of court to add claims for damages.

     98.     Plaintiff, individually and as a member of the Class, has no adequate remedy at law for the future unlawful acts, methods, or practices as set forth above.

     99.     Pursuant to § 1782(a) of the CLRA, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act.

     100.     If Defendant fails to respond to Plaintiff's letter or agree to rectify the problems

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by §1782, Plaintiff will move to amend Plaintiff's Petition to pursue claims for actual and statutory damages, as appropriate against Defendant.

101.    By reason of the foregoing, Defendant's unlawful methods, acts, or practices as described herein have caused damage to Plaintiff and the Class Members, entitling them to injunctive relief.

102.    As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

### THIRD CLAIM FOR RELIEF

**Violation of the Missouri Merchandising Practices Act ("MMPA"),**

**MO. REV. STAT. § 407.020**

103.     Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

104.    The Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020, states in relevant part:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice.

105.    Defendant is a "person" within the meaning of the Missouri Merchandising Practices Act, Mo. Rev. Stat 407.010(4).

106.    The MMPA defines "merchandise" as any objects, wares, goods, commodities, intangibles, real estate, or services. Mo. Rev. Stat. § 407.010. Thus, the food delivery service that the Defendant provides to its customers are merchandise.

107.    Defendant's website is an "advertisement" as that term is defined by Missouri regulations.  Mo. Code Regs. Tit. 15, 60-7.020(1)(A).

108.    In providing food delivery services to its customers, Defendant is engaging in the sale of merchandise in trade or commerce.

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

109.    The actions of Defendant alleged herein violated, and continue to violate, the Missouri Merchandising Practices Act because they constitute unfair practices, deception, fraud, false promise, misrepresentation, and/or the concealment, suppression, and/or omission of material fact in the connection with the sale or advertisement of any merchandise in trade or commerce.

110.    The Missouri Attorney General has promulgated regulations defining the meaning of unfair practice as used in the MMPA.  Missouri regulations define "unfair practice" pursuant to the MMPA as any practice that "[o]ffends any public policy as it has been established … by the Federal Trade Commissions … or [i]s unethical …. [and] [p]resents a risk of, or causes, substantial injury to consumers." Mo. Code Regs. Tit. 15, 60-8.020.

111.    Missouri case law provides that the MMPA's "literal words cover *every practice imaginable and every unfairness to whatever degree*." *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 416 (Mo. 2014) (quoting *Ports Petroleum Co., Inc. of Ohio v. Nixon*, 37 S.W.3d 237, 240 (Mo. banc 2001). Furthermore, the statute's "plain and ordinary meaning of the words themselves . . . are unrestricted, all-encompassing and exceedingly broad." *Id.* at 240.

112.    Defendant's practices in charging more for shipping and delivery than what it represents and Defendant's practices in omitting that it charges more than $4 to have its food delivered violates the MMPA because, among other things, the practices are unethical, including but not limited to violating the principles of the American Marketing Association, as set forth above.

113.    Pursuant to the MMPA, Defendant has a duty not to engage in any unethical or unfair practice in connection with the sale or advertisement of any merchandise in trade or commerce. For the reasons stated herein, it breached that duty.

114.    Missouri regulations also provide that "[a] seller shall not make a representation or statement of fact in an advertisement that is false or has the capacity to mislead prospective purchases." Mo. Code Regs. Tit. 15, 60-7.020(1).

115.    Further, Missouri regulations provide: "It is a misrepresentation for any person in connection with the advertisement or sale of merchandise to omit to state a material fact necessary

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

in order to make statements made, in light of the circumstances under which they are made, not misleading." Mo. Code Regs. Tit. 15, 60-9.090.

116.    Missouri regulations provide:

(3) Omission of a material fact is any failure by a person to disclose material facts known to him/her, or upon reasonable inquiry would be known to him/her.

(4)  Reliance and intent that others rely upon such concealment, suppression or omission are not elements of concealment, suppression or omission as used in section 407.020.1., RSMo. Mo. Code Regs. Tit. 15, 60-9.110.

117.    Defendant's practice of charging more than $4 to have Panera food delivered is a deceptive practice in violation of the MMPA because it is false or has the capacity to deceive.

118.    Defendant's practice of charging more for delivery than the amount advertised without disclosing that fact to consumers and without telling consumers that it maintains prices for food that are less expensive when opting to dine in person or pick up the food on his or her own violates the MMPA as an omission of material fact.

119.    Plaintiff, on behalf of herself and all other Class members similarly situated in Missouri, is entitled to bring this action pursuant to Mo. Rev. Stat. § 407.025, which provides in relevant part that:

> Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages.

> […]

> Persons entitled to bring an action pursuant to subsection 1 of this section may, if the unlawful method, act or practice has caused similar injury to numerous other persons, institute an action as representative or representatives of a class against one or more defendants as representatives of a class . . . . In any action brought pursuant to this section, the court may in its discretion order, in addition to damages, injunction or other equitable relief and reasonable attorney's fees.

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

120.    Plaintiff and the Class have suffered ascertainable loss due to defendant's unlawful practices as described herein.  Specifically, this loss is the amount that Plaintiff and the Class paid for delivery of the food in excess of the $4 advertised. This amount is measured by at least the difference between the food prices charged when dining in person, or ordering and picking up food in person and the food prices charged when ordering food and having it delivered by Panera.

121.    As described above, Plaintiff acted as a reasonable consumer would in light of all circumstances.

122.    Defendant's unlawful methods, acts, and/or practices would cause a reasonable person to enter into the transaction that resulted in damages and did so cause Plaintiff, a reasonable person to enter into the transaction that resulted in damages.

123.    Plaintiff and the Class' claims show a likelihood that Defendant's unlawful method, act, and/or practice would mislead a reasonable consumer.

124.    Defendant's acts and practices alleged herein have directly, foreseeably, and proximately caused loss, damages, and injury to Plaintiff and the Class in an amount to be determined at trial.

125.    Defendant's unlawful acts and practices in violation of the MMPA were performed willfully and wantonly, were outrageous, and were done in reckless indifference to the rights of Plaintiff and Class, violating the MMPA.

126.    Injunctive relief is necessary and proper to compel Defendant to cease its violations of the MMPA alleged herein. As such, in addition to damages, Plaintiff seeks such equitable relief as the Court deems necessary or proper to protect Plaintiff and the Class Members from the methods, acts, or practices declared unlawful by the MMPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of herself and the Class seeks judgment in an amount to be determined at trial, as follows:

(a)    For an order enjoining Defendant from continuing the unlawful practices set forth above;

Electronically Filed - St Louis County - February 08, 2021 - 08:19 PM

(b)     Though expressly disclaiming damages under the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, *et seq*., an order awarding restitution, disgorgement, actual damages, statutory damages, under applicable law, and compensatory damages in an amount to be determined at trial;

(c)     For declaratory and injunctive relief as set forth above;

(d)     Though expressly disclaiming damages under the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, *et seq*., for an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above;

(e)     For reasonable attorneys' fees and costs of suit;

(f)     For pre-judgment interest; and

(g)     Awarding such other and further relief as this Court deems just, proper and equitable.

### JURY DEMAND

Plaintiff hereby demands a jury trial on all claims so triable.

Dated:  February 8, 2021          By:   /s/        Tiffany M. Yiatras
                              Tiffany M. Yiatras (MO Bar No. 58197)
                              **CONSUMER PROTECTION LEGAL, LLC**
                              308 Hutchinson Road
                              Ellisville, Missouri 63011-2029
                              Tele: 314-541-0317
                              Email: tiffany@consumerprotectionlegal.com

                              Jeffrey Kaliel (to seek admission Pro Hac Vice)
                              Sophia Gold (to seek admission Pro Hac Vice)
                              **KALIEL, PLLC**
                              1875 Connecticut Avenue NW, 10th Floor
                              Washington, DC 20009
                              Tele: (202) 350-4783
                              Email: jkaliel@kalielpllc.com
                              Email: sgold@kalielpllc.com

                              **ATTORNEYS FOR PLAINTIFF**
                              **AND THE PROPOSED CLASS**