UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MAHASIN AHMAD, individually and on )
behalf of others similarly situated, )
                                   )
           Plaintiff, )      No. 4:21 CV 311 CDP
                                    )
      v. )
                                      )
PANERA BREAD COMPANY, )
                                      )
           Defendant. )

## **MEMORANDUM AND ORDER**

Plaintiff Mahasin Ahmad, a California citizen, filed this class action in the Circuit Court of St. Louis County, Missouri, on February 8, 2021, claiming that defendant Panera Bread Company, a corporate citizen of Missouri and Delaware, secretly marked up food prices for items on delivery orders, rendering its advertised flat, low-cost $4 delivery fee deceptive to its delivery customers in violation of California's Consumer Legal Remedies Act (CLRA), California's Unfair Competition Law (UCL), and Missouri's Merchandising Practices Act (MMPA). Panera removed the action to this Court, invoking federal jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1332(d), 1453. Ahmad moves to remand, arguing that Panera has failed to show that the amount in controversy meets CAFA's $5 million threshold for federal jurisdiction. Because Panera has plausibly alleged and demonstrated by a preponderance of the evidence that the amount in

controversy meets CAFA's jurisdictional threshold, I will deny the motion to remand.  Neither jurisdictional discovery nor a hearing is necessary to this determination.

## Legal Standard

CAFA "confers federal jurisdiction over class actions where, among other things, 1) there is minimal diversity; 2) the proposed class contains at least 100 members; and 3) the amount in controversy is at least $5 million in the aggregate." *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006) (citing 28 U.S.C. § 1332(d)); *see also Raskas v. Johnson & Johnson*, 719 F.3d 884, 886-87 (8th Cir. 2013).  Ahmad does not dispute that this action satisfies the CAFA requirements of minimal diversity and having at least 100 members, but she claims that Panera has not met its burden of establishing the required $5 million threshold.

Federal courts are courts of limited jurisdiction, and "[i]t is to be presumed that a cause lies outside this limited jurisdiction[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (citations omitted).  I may exercise jurisdiction over this removed case only if this Court would have had original subject-matter jurisdiction had the action initially been filed here.  *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)).  I review the state-court petition pending at the time of removal to determine the

existence of subject-matter jurisdiction.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938).  I may also look to the notice of removal to determine jurisdiction.  28 U.S.C. § 1446(c)(2)(A)(ii).

Panera, as the removing party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied.  *Kokkonen*, 511 U.S. at 377; *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  *See also Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) ("Although CAFA expanded federal jurisdiction over class actions, it did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction.").  Where, as here, "the class action complaint does not allege that more than $5 million is in controversy, 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"  *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).  The defendant need not establish that "'the damages [sought] *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'"  *Id.* at 984 (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012)) (emphasis in *Hartis*) (alteration in *Pirozzi*).  Where such a plausible allegation is made, "the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that

- 3 -

much." *Id.* (internal quotation marks and citations omitted) (emphasis in *Pirozzi*).

"[W]hen a defendant's assertion of the amount in controversy is challenged . . . , both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 88.  If the removing party establishes by a preponderance of the evidence that CAFA's jurisdictional minimum is satisfied, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017) (internal quotation marks and citation omitted).  While generally a court must resolve all doubts about federal jurisdiction in favor of remand to state court, *In re Prempro*, 591 F.3d at 620, "no antiremoval presumption attends cases invoking CAFA[.]"  *Dart Cherokee*, 574 U.S. at 89.

### Plaintiff's Petition

Ahmad's state-court petition does not seek a specific dollar amount in damages, but Ahmad claims that "hundreds of thousands of Panera customers" have been affected by Panera's deceitful conduct of secretly marking up delivery food by at least 5% and up to 10%.  (ECF 6 at ¶¶ 9, 30.)[1]  She seeks to represent a class of "all consumers in California who, within the applicable statute of limitations

---

[1] At two other points in her petition, Ahmad contends Panera inflated the food price for delivery orders by 5-to-7%.  (*See* ECF 6 at ¶¶ 4, 49.)

preceding the filing of this action to the date of class certification," ordered food for delivery through Panera's mobile app or website and were assessed the higher food charges. (*Id.* at ¶ 54.) Count 1 of the petition seeks restitution and disgorgement of profits under the UCL, Cal. Bus. & Prof. Code §§ 17200, *et seq.* Count 2 seeks only injunctive relief under the CLRA, Cal. Civ. Code §§ 1750, *et seq.*, but reserves the option to amend to pursue claims for actual and statutory damages. In Count 3, Ahmad seeks damages, injunctive relief, and attorneys' fees and costs under the MMPA, Mo. Rev. Stat. § 407.020, "on behalf of herself and all other Class members similarly situated in Missouri." (ECF 6 at ¶ 119.) In sum, Ahmad requests declaratory and injunctive relief; that Panera be ordered to disgorge its profits made from its alleged deceitful conduct and make restitution, as measured by the excess monies delivery customers paid in food markups; and that Panera be ordered to pay actual, statutory, and compensatory damages, as well as attorneys' fees and costs. Ahmad does not seek recovery of the advertised $4 delivery fees.[2]

## Motion to Remand

Ahmad contends that the matter must be remanded to state court because the $5 million threshold for federal CAFA jurisdiction is "indeterminate at this juncture" and that Panera failed to submit evidence with its notice of removal that such threshold is met. (ECF 11 at p. 2.) But "[a] defendant is not required to submit

---

[2] *See* ECF 6 at ¶¶ 10, 120.

evidence establishing federal-court jurisdiction with its notice of removal unless the plaintiff or the court questions the defendant's claim of jurisdiction." *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (citing *Dart Cherokee*, 574 U.S. at 89). Indeed, a dispute about a defendant's jurisdiction allegations cannot arise until *after* the defendant files a notice of removal containing those allegations. *See Dart Cherokee*, 574 U.S. at 89. I will therefore deny Ahmad's motion to the extent she seeks remand because of Panera's failure to submit jurisdictional evidence with its notice of removal.

In response to Ahmad's challenge to Panera's amount-in-controversy allegation, Panera has submitted the declaration of its Senior Manager of Financial Planning and Analysis, Joshua Hulseberg, who details Panera's average monthly revenue from 1) fees charged for delivery service in California and in Missouri during the current fiscal year, and specifically the six-month period from September 30, 2020, to March 30, 2021; and 2) sales of delivered food in California and in Missouri during this same period. Because Ahmad does not seek recovery of the $4 fees charged for delivery service, I will not consider them as damages in determining the amount in controversy. With respect to the delivered food sales, however, Panera avers that 5-to-10% of that revenue (representing the alleged markup) – when totaled from September 30, 2020, to March 30, 2021, and extrapolated to include another six months into the future to allow for time to certify

- 6 -

the class – amounts to a level of monetary relief that, when considered with a

potential award of attorneys' fees, the value of injunctive relief, and potential

punitive damages, satisfactorily meets the $5 million threshold for CAFA

jurisdiction.  Ahmad disagrees, averring that Panera "misunderstands" the case and

therefore presents an inaccurate picture of the nature and amount of damages at

issue.  I will address each of Ahmad's contentions in turn.

<u>Definition of the Class</u>

Ahmad first argues that the only class she seeks to represent and thus the only

class requesting class-wide relief is the class of California consumers as defined in

the petition and that, therefore, the relevant measure of damages is based on only the

revenue earned from delivered food sales in California, not Missouri.  To the extent

the petition contains an MMPA claim on behalf of a class of Missouri consumers,

Ahmad contends the claim is brought only in the alternative to the CLRA and UCL

claims and thus that revenue from Missouri sales cannot be combined with

California sales to estimate the amount in controversy.  Ahmad also contends that,

regardless, Missouri sales are irrelevant to the damages in this case because the

claims are limited to only the purchases of delivered food in California.[3]  (*See* ECF

---

[3] As demonstrated in her request for oral argument, Ahmad appears to not know herself how her claims are pled or on whose behalf she brings them:  "[W]ith respect to Third Claim for Relief, even if the Court were to deem it an alternative Count, the application of the [MMPA] is still limited to the class as defined (consumers **in California**.).  Thus, as pled, the damages are limited to purchases in California – whether to all purchases in California or perhaps purchases in California by Missouri citizens."  (ECF 34 at pp. 1-2.)  (Emphasis in original.)  To the extent this

34, Pltf.'s Mot. for Oral Arg.)

For purposes of this motion, I need not decide whether Ahmad pleads any claims in the alternative or whether she brings a claim on behalf of a class of Missouri consumers who made purchases in either California or Missouri.  As discussed below, the evidence submitted on the motion – even when considered for the California Class alone – adequately shows by a preponderance of the evidence that a fact finder might legally conclude that the amount in controversy in this case is at least $5 million.

Class Period

In her petition, Ahmad defines the class period as "the applicable period of limitations preceding the filing of this action to the date of class certification[.]" (ECF 6 at ¶ 54.)  Despite seeking damages "to the date of class certification," Ahmad urges me to reject Panera's inclusion of projected damages six months into the future given that jurisdiction is determined when the case is filed or at the time of removal.  For the following reasons, CAFA's amount-in-controversy threshold is met even if damages from the date of removal up to the date of class certification are excluded.

Notably, in measuring damages on the alleged markups of delivered food,

---

post-removal equivocation is an attempt to recharacterize claims to avoid CAFA jurisdiction, I look to the face of the petition at the time of removal in determining whether such jurisdiction exists.  *See Brown v. Mortgage Elec. Registration Sys., Inc.*, 738 F.3d 926, 932 (8th Cir. 2013).

both Ahmad and Panera mark September 30, 2020, as the starting point for such calculation.  But Ahmad seeks relief for all class consumers who made delivery purchases "within the applicable statute of limitations preceding the filing of this action," which is four years for claims brought under the UCL, *see* Cal. Bus. & Prof. Code § 17208; and five years for claims brought under the MMPA, *see Huffman v. Credit Union of Tex.*, 758 F.3d 963 (8th Cir. 2014).  So the proper measure of potential relief is not the total of the 5-to-10% markup for just the period after September 30, 2020, but rather the total of the 5-to-10% markup since February 8, 2017, for the UCL claim; and since February 8, 2016, for the MMPA claim.  *Cf. Waters v. Home Depot USA, Inc.*, 446 F. Supp. 3d 484, 491-92 (E.D. Mo. 2020) (for amount-in-controversy requirement, damages calculated for the class period selected by plaintiffs).  For the putative California Class on the UCL claim alone, extrapolating the markup costs for the entire four-year period using the actual measurement of markup revenue from September 2020 to March 2021 shows that the potential class-wide damages during the defined class period exceeds $5 million. *See, e.g., LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (reasonable to extrapolate costs for entire class period using actual known costs of three-month period); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67 (1st Cir. 2014) (amount in controversy based on damages incurred during sample number of months extrapolated to entire class period); *Blomberg v. Service Corp. Int'l*, 639

F.3d 761, 763 (7th Cir. 2011) (plausible, good-faith estimate of damages over entire class period based on average of hourly pay rates); *Femmer v. Sephora USA, Inc.*, No. 4:20CV676 JMB, 2020 WL 5632443, at *4 (E.D. Mo. Sept. 21, 2020) (specific factual allegations combined with reasonable deductions, inferences, and extrapolations are such that a fact finder might legally conclude that damages exceed $5 million).

Accordingly, even taking into consideration Ahmad's assertion that delivery purchases made in Missouri are irrelevant in determining the amount in controversy, the California Class on its own meets the CAFA damages threshold when the entire class period is considered.  Ahmad has produced no competing or contrary evidence showing otherwise.

Punitive Damages

Ahmad contends that Panera cannot factor punitive damages into the amount in controversy because she did not specifically include a claim for punitive damages in her petition.  In response, Panera argues that the MMPA claim raised in Count 3 includes language tracking the standard for recovery of punitive damages under Missouri law, thus signaling Ahmad's intent to seek these damages despite failing to specifically plead a punitive damages claim.[4]

---

[4] Count 3 includes an allegation that Panera's "unlawful acts and practices in violation of the MMPA were performed willfully and wantonly, were outrageous, and were done in reckless indifference to the rights of Plaintiff and Class[.]"  (ECF 6 at ¶ 125.)

Under Mo. Rev. Stat. § 510.261(5) (2020), effective for all cases filed on or after August 28, 2020, a party may not seek punitive damages in an initial pleading. A party may later amend its pleading to claim punitive damages, but only with leave of court upon a written motion that is supported by evidence establishing a reasonable basis for a punitive award. *Id.*  When Panera removed the case to this Court, therefore, it would appear that recovery of punitive damages *at the time of removal* was legally impossible under Missouri law since the petition – filed in February 2021 – could not plead such a claim.  But if the case was remanded and punitive damages were to find their way into the case for consideration by a state court jury, "immediate removal would be timely and almost certainly proper." *Pirozzi*, 938 F.3d at 984 n.1 (internal quotation marks and citation omitted).

Regardless, because Panera has already established by a preponderance of the evidence that Ahmad's claim for damages meets the $5 million threshold for CAFA jurisdiction, I need not address Panera's assertion that Ahmad's inclusion of punitive damages language in her petition makes the recovery of such damages under the MMPA legally possible.  *Cf. Schott v. Overstock.com, Inc.*, No. 4:20-CV-00684-MTS, 2021 WL 148875, at *5 (E.D. Mo. Jan. 15, 2021) (court need not address value of other potential damages where burden of establishing CAFA jurisdiction already met).

Attorneys' Fees and Injunctive Relief

The parties do not dispute that attorneys' fees are included in determining whether CAFA's required amount in controversy is met.  *See Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018); *Waters*, 446 F. Supp. 3d at 492-93. Accordingly, Ahmad's claim for attorneys' fees merely adds to the more than $5 million in legally recoverable damages already established by the California Class's UCL claim, regardless of when the fees are measured.[5]  In addition, given that the $5 million threshold is already met, I need not address the value of Ahmad's claim for injunctive relief in assessing the amount in controversy.  *Schott*, 2021 WL 148875, at *5.

## Conclusion

Panera has met its burden of showing that federal CAFA jurisdiction exists by establishing by a preponderance of the evidence that a fact finder might legally conclude that the amount in controversy in this class action is at least $5 million. Ahmad has offered no evidence demonstrating that it would be legally impossible to recover $5 million on the claims raised in the petition.  Nor does Ahmad proffer what she would present at oral argument to show such legal impossibility.  Finally, while Ahmad avers that jurisdictional discovery would likely produce "a more accurate calculation of the amount that is actually in controversy" (ECF 11 at p. 7),

---

[5] Ahmad contends that for purposes of establishing the amount in controversy in a removed case, only those attorneys' fees that have accrued at the time of removal are included in the calculation.

accurate calculations of damages are not required in determining CAFA jurisdiction. I will therefore deny Ahmad's motion to remand.  In view of my findings regarding the amount in controversy, neither jurisdictional discovery nor argument is required on the motion.

Accordingly,

**IT HEREBY ORDERED** that plaintiff Mahasin Ahmad's Motion to Remand Action [10] is **DENIED.**  Plaintiff's alternative request to engage in limited jurisdictional discovery is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Request for Oral Argument [34] is **DENIED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of June, 2021.