IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAHASIN AHMAD, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br>vs.<br><br>PANERA BREAD COMPANY,<br><br>                       Defendant. | Case No. 4:21-cv-311 (CDP)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF
ORDER DENYING PLAINTIFF'S MOTION TO REMAND
AND SUGGESTIONS IN SUPPORT THEREOF**

COMES NOW, Plaintiff MAHASIN AHMAD ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court to reconsider its June 2, 2021 Order Denying Plaintiff's Motion to Remand and, in support thereof, states as follows:

On June 2, 2021, the Court entered its Order Denying Plaintiff Mahasin Ahmad's Motion to Remand on the grounds that Defendant Panera Bread Company ("Panera") "met its burden of showing that federal CAFA jurisdiction exists by establishing by a preponderance of the evidence that a fact finder might legally conclude that the amount in controversy in this class action is at least $5 million." Dkt No. 40 at 12 (the "Order"). This finding was based upon an extrapolation of six-month's worth of Panera's sales revenue over the entire four-year class period. *See id.* at 9-10 ("For the putative California Class on the UCL claim alone, extrapolating the markup costs for the entire four-year period using the actual measurement of markup revenue from September 2020 to March 2021 shows that the potential class-wide damages during the defined class period exceeds $5 million.") But the Court's extrapolation of damages constitutes manifest error because it

1

improperly assumes—without any supporting evidence in the record and against reasonable inferences made in Defendant's papers—that Panera's wrongful delivery food markup practices have been ongoing for the entire class period, when, to the contrary, all evidence submitted by Defendant indicates that the alleged practice does not predate September 2020. On this basis, Plaintiff respectfully requests that the Court reconsider this portion of its Order.

The Eighth Circuit recognizes a district court's "inherent power to reconsider and modify an interlocutory order at any time prior to the entry of judgment" through use of a motion for reconsideration. *K.C. 1986 Ltd. P'Ship v. Reade Mfg.,* 472 F.3d 1009, 1017 (8th Cir. 2007). "And although the Federal Rules of Civil Procedure do not *expressly* provide for motions to reconsider," Rule 54(b) permits a court to "correct any clearly or manifestly erroneous findings of fact or conclusions of law." *MacCormack v. Adel Wiggins Grp.,* No. 4:16-CV-414-CEJ, 2017 WL 1426009, at *1-2 (E.D. Mo. Apr. 21, 2017) (citations omitted). "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting" than standards for motions brought under Rules 59(e) or 60(b)[1]). *Painters District Council No 58 v. RDB Universal Services, LLC,* No. 4:14CV01812 ERW, 2016 WL 4368098, *2 (E.D. Mo. Aug. 16, 2016). Reconsideration may be granted "as justice requires." *Citimortgage, Inc. v. Chicago Bancorp, Inc.,* No. 4:12CV246 CDP, 2014 WL 4415261, *1 (E.D. Mo. Sept. 8, 2014).

Manifest error occurred in concluding that Panera's relevant delivery food markups meet CAFA's threshold amount in controversy because neither Defendant's briefing, nor its supporting

---

[1] Nevertheless, Plaintiff also demonstrates that reconsideration of the Order is warranted under Rules 59(e) and 60(b)'s relevant standards. *Innovative Home Health Care v. P.T.O.T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir. 1998) (motions brought under Rule 59(e) serve to correct "manifest errors of law or fact[.]"); Fed. Rule Civ. P. 60(b)(1) and (6) (permits a court to "relieve a party" from an order on various grounds such as, "mistake" or "any other reason that justifies relief.")

declaration, argues that damages should be extrapolated backwards for the entire four-year class period; rather, Defendant's submissions reasonably suggest that the challenged practices were **not** occurring before September 2020. *See* Dkt. No. 23 at 6 (Defendant's contention that "[a]ggregating the **current** **and future** amounts in controversy produces a total amount in controversy for alleged compensatory damages" logically suggests that the sales data Panera produced from September 2020 to March 2021 is the **current** amount of damages, and does not include any hypothetical amounts existing prior to September 2020) (emphasis added); *see generally* Declaration of Joshua Hulseberg in Support of Removal (Filed Under Seal) (providing revenue data from sales of delivered food from September 30, 2020 to March 30, 2021 and contemplating future revenue, but never discussing revenue preceding September 30, 2020). In this case, unlike those cited by the Court[2], it is *not* reasonable to extrapolate damages for the entire class period based on Defendant's proffered six-month data because it is likely Panera was not marking up the price of delivery food items prior to September 2020—otherwise, it would have certainly argued for backwards extrapolation, or at a minimum, it would have mentioned the possibility of such in its damages calculation. *C.f. Noll v. Travelcenters of America, LLC,* 2010 WL 11468301, at *3-4 (C.D. Cal.

---

[2]  The cases relied upon by the Court in support of its decision to extrapolate damages are distinguishable because each involved defendants that *argued* for extrapolation reasonably based upon its proffered data. Order at 9-10. *See LaCross v. Knight Transp., Inc.,* 775 F.3d 1200, 1203 (9th Cir. 2015) ("Knight further extrapolated a more conservative estimate of total fuel costs by taking into account that the number of drivers varied each year" during the span of "the entire class period using the actual invoiced fuel costs of one quarter"); *Romulus v. CVS Pharmacy, Inc.,* 770 F.3d 67, 71 (1st Cir. 2014) ("CVS extrapolated the plaintiffs' number of violations over the entire class period and argued that there was a reasonable probability" the amount exceeded $5 million); and *Femmer v. Sephora USA, Inc.,* No. 4:20CV676 JMB, 2020 WL 5632443 (E.D. Mo. Sept. 21, 2020) (the defendant produced its total sales for the entire class period and based on this data, calculated three different estimates for the amount it overcharged consumers in use taxes based on the average use tax charged to named plaintiffs). In contrast, Panera invokes no such extrapolated damages calculation for the entire class period, nor for any point in time before September 2020 for that matter.

3

June 29, 2010) (rejecting defendant's calculations based on the extrapolation of plaintiff's damages to the entire class because they "rely on speculative assumptions" and were unsupported by any underlying facts.)

Put simply, it was manifest error for the Court to extrapolate damages across the entire four-year class period if—as Defendant's briefing indicates—Panera was not wrongfully marking up delivery food prices before September 2020.

WHEREFORE, because the Court's denial of the Motion to Remand hinged on the extrapolation of damages backwards across the entire class period, Plaintiff respectfully requests the Court reconsider its prior Order denying remand. In the alternative, Plaintiff respectfully requests the opportunity to conduct limited jurisdictional discovery to determine when Panera's practice of marking up the price of delivery food began.

Dated: June 7, 2021                              Respectfully submitted,

/s/      Tiffany Marko Yiatras
Tiffany Marko Yiatras, # 58197MO
**CONSUMER PROTECTION LEGAL, LLC**
308 Hutchinson Road
Ellisville, Missouri 63011-2029
Tele: 314-541-0317
Email: tiffany@consumerprotectionlegal.com

Jeffrey Kaliel (to seek admission Pro Hac Vice)
Sophia Gold (to seek admission Pro Hac Vice)
**KALIEL, PLLC**
1875 Connecticut Avenue NW, 10th Floor
Washington, DC 20009
Tele: (202) 350-4783
Email: jkaliel@kalielpllc.com
Email: sgold@kalielpllc.com

**ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED CLASS**

5

**CERTIFICATE OF SERVICE**

     I hereby certify that, on June 7, 2021, I electronically filed the foregoing with the Clerk of the Court by using the e-filing system which will send notification of such filing to all attorneys of record.

                                                  /s/    Tiffany Marko Yiatras